**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER IVAN McNEAL,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>JAMES HILL, Acting Warden,<br><br>　　　　　　Respondent. | ) Case No. CV 18-6964-JGB (JPR)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>)<br>)<br>) |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that judgment be entered denying the Petition and dismissing this action with prejudice. See 28 U.S.C. § 636(b)(1). On April 15, 2021, Petitioner filed Objections to the R. & R., in which he largely reiterates the arguments raised in his Petition and Traverse. A few of his contentions warrant discussion, however.[1]

**I.   Insufficient Evidence**

Petitioner argues that in denying his insufficient-evidence

---

[1] Respondent has not responded to the Objections.

claim, the Magistrate Judge "overlook[ed]" that I.P. testified that she did not immediately disclose that Petitioner had assaulted her during the 2009 Thanksgiving party to either her cousin Braden or her mother, Michaele. (Objs. at 4.) But I.P. never said that she didn't promptly tell her mother about the assault. Rather, she observed that although she "probably" told her mother "right away" about the assault, she didn't know for sure. (Lodged Doc. 15, 4 Rep.'s Tr. at 3047.) And the Magistrate Judge noted that although I.P. testified that Braden might have witnessed the assault, he testified that he did not see anything happen to her. (See R. & R. at 7 n.5 (citing Lodged Doc. 15, 3 Rep.'s Tr. at 2465, 2472-73, 4 Rep.'s Tr. at 3025, 3040-43).) Critically, as Petitioner does not dispute, I.P. testified that a male guest at the Thanksgiving party put his penis in her mouth (see Lodged Doc. 15, 4 Rep.'s Tr. at 3008-09), and, as the Magistrate Judge found, other evidence corroborated her account and established that Petitioner was the perpetrator — including but not limited to Michaele's testimony that on the night of the party I.P. asked her why someone matching Petitioner's description had wanted to put his penis in her mouth at the party and that I.P. then demonstrated what he had done to her.[2] (See R. & R. at 14-16.) That evidence was

---

[2] Petitioner also appears to argue that I.P.'s statements to Michaele the night of the party were inadmissible hearsay. (See Objs. at 4-6.) But the trial court found that they were admissible as excited utterances (see Lodged Doc. 15, 2 Rep.'s Tr. at 334-35), and Petitioner has never challenged that finding. In any event, for purposes of deciding the sufficiency of the evidence, a habeas court considers all the evidence, properly admitted or not. See McDaniel v. Brown, 558 U.S. 120, 131 (2010).

constitutionally sufficient to support Petitioner's conviction even though I.P.'s parents didn't immediately report the assault to police. (See Objs. at 5.)

Petitioner also claims that the Magistrate Judge "overlook[ed]" that although his sexual assault of M.K. might have been admissible to show his propensity to commit sex crimes, the prosecution still needed to establish that M.K.'s testimony was truthful. (See id. at 6-7.) But the Magistrate Judge noted that M.K. not only identified Petitioner as her assailant and described what he did to her but that other evidence corroborated her testimony.[3] (See R. & R. at 16 & n. 10.)

At bottom, Petitioner's insufficient-evidence arguments boil down to his insistence that he was convicted "based on the uncorroborated and inconsistent story of a three-year old child" and the unreliable testimony of her mother. (See Objs. at 3; id. at 4-7.) But as the Magistrate Judge found, the arguments Petitioner highlights in his objections were all presented to the jury, which nevertheless credited I.P.'s and her mother's testimony. (See R. & R. at 18.) This Court can't reweigh the evidence or reassess the witnesses' credibility. See Bruce v.

---

[3] Petitioner suggests that the evidence concerning M.K.'s assault showed that he was actually just "urinating in the bushes." (Objs. at 30.) But M.K. testified that he exposed his penis to her after "laying down in a weird position" and instructing her to "close [her] eyes and open [her] mouth" (Lodged Doc. 15, 5 Rep.'s Tr. at 3640, 3647-51, 3653-54, 3682), actions inconsistent with his simply urinating. Moreover, any such claim is inconsistent with his arguments that the bushes were only four, not seven, feet tall and that Petitioner would not have done something inappropriate in plain view of other parents. (See id., 6 Rep.'s Tr. at 4286-87, 4289-92, 4297, 8 Rep.'s Tr. at 4910-12.)

3

Terhune, 376 F.3d 950, 957-58 (9th Cir. 2004).

**II. Ineffective Assistance of Counsel**

Petitioner argues that in denying his claims that his trial counsel were ineffective for failing to consult with or present the testimony of a memory or a taint expert to undermine I.P.'s, Michaele's, and M.K.'s testimony, the Magistrate Judge improperly found that the psychiatrist or psychiatrists whom his attorneys did consult were an effective substitute for those experts. (See Objs. at 13-15, 21.) But the Magistrate Judge didn't make any such finding, instead noting that Petitioner failed to meet his burden to show that the psychiatrist or psychiatrists with whom trial counsel consulted, who had expertise in evaluating child-abuse claims (see Lodged Doc. 14, 2 Aug. Clerk's Tr. at 290; see id. at 288), didn't consider some or all of the topics he claims a memory or taint expert would have discussed.[4] (See R. & R. at 37-38, 46.)

Nor did the Magistrate Judge err in relying on Gentry v. Sinclair, 705 F.3d 884, 899-900 (9th Cir. 2012) (as amended Jan. 15, 2013), in denying Petitioner's claims in part because he had failed to provide a declaration from trial counsel explaining their decision not to present expert testimony. (See Objs. at 22.) In Gentry, the petitioner claimed that his trial counsel failed to have him evaluated by a psychologist and as a result didn't present any mitigating evidence of his mental state. 705 F.3d at 897, 899. The state court denied the claim, finding

---

[4] Indeed, both the memory and the taint expert whose testimony Petitioner claims should have been presented are themselves psychiatrists. (See Pet., Exs. A-G.)

"insufficient evidence" that trial counsel "neglected the issue" when their declarations, which addressed other aspects of his ineffective-assistance claim, didn't discuss "why no expert testimony was presented," leaving the possibility that "an evaluation was performed that provided no evidence useful to the defense." Id. at 899-900.  The Ninth Circuit held that the state court was not unreasonable in finding counsel's performance not deficient, emphasizing that although trial counsel submitted detailed declarations in support of most of petitioner's claims, they "said nothing" about his expert-evidence claim, leaving petitioner, who bore the burden of dispelling the "strong" presumption that counsel's performance was reasonable, with "no evidence to indicate why the failure to present [expert] evidence . . . was unreasonable under the circumstances." Id. at 900.

Here as in Gentry, trial counsel submitted declarations addressing Petitioner's various ineffective-assistance claims. (See Lodged Doc. 14, 2 Aug. Clerk's Tr. at 288-90.)  But although counsel mentioned consulting with a psychiatrist with an expertise in child-abuse cases, they apparently weren't asked to elaborate on what information that expert shared and how that shaped their decision not to call a memory or a taint expert during trial. (Id.)  As in Gentry, that left open that the psychiatrist or psychiatrists addressed the various memory and taint issues relevant to I.P.'s, Michaele's, and M.K.'s testimony but that counsel found that such testimony wouldn't be "useful to the defense."  705 F.3d at 900; see Womack v. McDaniel, 497 F.3d 998, 1004 (9th Cir. 2007) (rejecting ineffective-assistance claim when petitioner offered no evidence of counsel's allegedly

deficient performance aside from petitioner's own self-serving statement).[5]  Petitioner's argument that he was entitled to an evidentiary hearing in state court to explore these issues (Objs. at 23, 42-43) ignores that it was his burden to produce some evidence that counsel performed deficiently.  He does not allege that he requested an evidentiary hearing because he was unable to develop the record as to counsel's decision not to call a memory or a taint expert; indeed, not being granted a state-court evidentiary hearing didn't prevent him from obtaining counsel's explanation for various other issues he had with their performance, and he hasn't explained why this one is any different.  Cf. Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004) ("A federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable."), overruled on other grounds by

---

[5] Petitioner argues that under the Magistrate Judge's logic, "trial counsel could avoid being found ineffective by refusing to provide a declaration." (Objs. at 22.)  But numerous cases hold that a petitioner can't be faulted and the reasoning of Gentry doesn't apply if he asks counsel to address a particular topic and counsel refuses, see, e.g., Manzano v. Montgomery, No. ED CV 13-02249-RGK (VBK)., 2014 WL 1670079, at *11 (C.D. Cal. Mar. 26, 2014), accepted by 2014 WL 1669974 (C.D. Cal. Apr. 25, 2014), aff'd, 669 F. App'x 864 (9th Cir. 2016), and the Magistrate Judge said nothing to the contrary.  This is not such a case.  Indeed, although one of Petitioner's trial attorneys eventually told habeas counsel he "no longer wished to talk [to her]" (Pet., Mem. P. & A., Ex. F at 143), that was in response to habeas counsel's questioning on a different topic, and Petitioner does not claim that counsel were ever asked to elaborate on why they didn't call a memory or taint expert.

Murray v. Schriro, 745 F.3d 984, 999-1000 (9th Cir. 2014).

Beyond that, for the reasons discussed in the R. & R., even without expert testimony Petitioner's counsel were able to expose the weaknesses in I.P.'s, Michaele's, and M.K.'s testimony and suggest to the jury that their testimony was tainted and unreliable. (See R. & R. at 38-41, 46-52.) Accordingly, as the Magistrate Judge also found, any deficient performance didn't prejudice Petitioner. (See id. at 41-48, 51-52.)

Petitioner's objections to the Magistrate Judge's findings in denying his other ineffective-assistance claims are similarly unpersuasive. For instance, he argues that in denying his claim that his attorneys failed to present evidence to corroborate his wife's trial testimony that there weren't any cupcakes at the Thanksgiving party, the Magistrate Judge "overlooked" that the prosecutor repeatedly emphasized I.P.'s testimony that Petitioner had lured her with a cupcake. (See Objs. at 33-34.) But even assuming the prosecutor capitalized on that improbable testimony, the evidence that Petitioner claims counsel failed to use wouldn't have shown that there were no cupcakes at the party, as the Magistrate Judge pointed out. (See R. & R. at 36.) Petitioner also maintains that his attorneys were ineffective for failing to establish that I.P.'s parents knew about the M.K. incident before reporting I.P.'s accusation to the police, insisting that testimony from the new-trial hearing "proved" they had "learned about the M.K. case." (See Objs. at 9-10.) But as the Magistrate Judge explained, that testimony showed only that a guest at the Thanksgiving party later learned about the M.K. incident, and that in fact the hearing testimony established that

7

I.P.'s parents did not learn about M.K.'s case until after they had already contacted the police.  (See R. & R. at 27-31.) Tellingly, as the Magistrate Judge pointed out (see id. at 29-30), Petitioner never presented any testimony from that guest, who presumably would have testified that he alerted I.P.'s parents to the M.K. assault were that in fact true.  Petitioner's arguments on this score are pure speculation.

    Having reviewed de novo those portions of the R. & R. to which Petitioner objects, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge.  IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: June 11, 2021

JESUS G. BERNAL
U.S. DISTRICT JUDGE